UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASMAN DAWONE HOLMAN,

      Plaintiff,

      v.

WILLIAMS, *et al.*,

      Defendants.

Case No.  2:26-cv-2136-JDP (P)

ORDER

Plaintiff, a state prisoner at the California Health Care Facility, brings this action under section 1983 and alleges that defendants violated his rights by charging him with a false rules violation report ("RVR").  ECF No. 1 at 3.  This allegation does not give rise to a viable claim, and I will dismiss the complaint with leave to amend so that plaintiff may explain why, if at all, this action should proceed.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

I.      Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff's complaint offers little in the way of specifics. He alleges that he was falsely charged with an RVR for a manufactured weapon and that, in doing so, defendants are guilty of defamation, racketeering, obstruction of justice, and conspiracy. ECF No. 1 at 3. These allegations are deficient for two reasons. First, plaintiff offers no detail as to how defendant Williams or the defendant referred to only as "chief disciplinary" was responsible for this violation of his rights. Accordingly, he has failed to provide either with adequate notice of the claims against them. Second, to the extent conviction of this RVR resulted in a loss of goodtime credits, plaintiff cannot bring this section 1983 challenge unless he shows that the conviction has

2

been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

I will give plaintiff an opportunity to amend his complaint and remedy these deficiencies if he can.  If he elects to amend, the complaint must be complete in itself and be submitted on the form included with this order.  It should be titled "First Amended Complaint."  If plaintiff fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.   Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    July 9, 2026         _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3